THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAFAEL AQUINO FIGUEROA, Defendant and Appellant.

No. 16036. Argued March 1, 1956.—Decided March 15, 1956.

---

[2] *Cf. Padilla* v. *Vidal,* 71 P.R.R. 483, 492.

*F. Marchand González* for appellant. *José Trías Monge, Attorney General* and *Rafael L. Ydrach Yordán* and *Ramón C. Ruiz Sánchez, Fiscal* and *Assistant Fiscal of the Supreme Court respectively,* for appellee.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

The defendant was charged in the Superior Court with a violation of § 32 (*a*) of Act No. 17 of January 19, 1951, known as the "Weapons Law of Puerto Rico".[1] He was tried by the court without a jury, convicted, and sentenced to a month in jail. On appeal he assigns two errors: (1) the trial court erred in weighing the evidence and in not giving the defendant the benefit of reasonable doubt; (2) since the facts show a violation of § 370 of the Penal Code, 1937 ed., and not of § 32 (*a*) of the Weapons Law, the trial court erred in not acquitting the defendant.

▮ The first error was not committed. We need not analyze the evidence in detail. It is enough to say that the testimony presented by the People shows that without any justification the defendant discharged several shots from a revolver while on the sidewalk of a street in Añasco. The trial court did not believe the testimony of the witnesses for the defendant that the revolver went off while the defendant and one Eyton Arroyo were struggling for possession of the gun. We find no basis for interference with the weighing of the evidence by the trial court in this case.

---

[1] Section 32 (*a*) reads as follows: "Any person who, otherwise than in self defense or in the discharge of official duty:

"(*a*) wilfully discharges any pistol, revolver, or other firearm, airgun, or other weapon, or who throws any deadly missile in a public place or any other place where there is any person who may be injured, thereby, although no injury to any person ensues . . . shall be guilty of a misdemeanor." Laws of Puerto Rico, Fifth to Twelfth Special Sessions, 1950–51.

■■ As to the second error, we cannot agree that the facts show a violation of § 370 of the Penal Code rather than of § 32 (a) of the Weapons Law. Section 370 makes it a misdemeanor to use unlawfully a deadly weapon "in any fight or quarrel".[2] Here the testimony believed by the trial court was that the defendant was not engaged in any fight or quarrel when he discharged the revolver several times. The trial court therefore correctly decided that under those circumstances the facts constituted a violation of § 32 (a) of the Weapons Law.[3]

The judgment of the Superior Court will be affirmed.

---

[2] Section 370 of the Penal Code, 33 L.P.R.A. § 1441, reads as follows: "Every person who, not in necessary self-defense, in the presence of two or more persons, draws or exhibits any deadly weapon in a rude, angry and threatening manner, or who, in any manner unlawfully uses the same, in any fight or quarrel, is guilty of a misdemeanor."

[3] *People* v. *Sánchez*, 50 P.R.R. 689, was decided before enactment of § 32(a). The point before us was not involved in the *Sánchez* case, and neither its challenge nor decision has any effect on the problem here. *Cf. People* v. *Cardona*, 63 P.R.R. 267.